# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

**GLENDA KNOX,** on behalf of herself and others similarly situated,

    Plaintiff(s),

**v.**

**HAPPY CAB, LLC,** and **STACEY R. DIXON,** Individually,

    Defendants.

_____/

CASE NO.: 2:17-cv-29

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, GLENDA KNOX on behalf of herself and others similarly situated, ("Plaintiff"), was an employee of Defendants, HAPPY CAB, LLC and STACEY R. DIXON, individually, (collectively referred to as "Defendants"), by and through the undersigned counsel brings this action for unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## NATURE OF THE ACTION

1. This lawsuit seeks to recover unpaid minimum wages, overtime compensation, and liquidated damages for Plaintiff and similarly situated employees whom have worked as "dispatcher" for Defendants.

2. Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute this FLSA claim as a collective action on behalf of all persons whom are currently or were formerly employed by Defendants during or after February 2014 ("the class members").

3. Plaintiff alleges, on behalf of herself and the class members, that she is entitled to, *inter alia*: (i) unpaid minimum and overtime wages for hours worked above forty (40) hours in a work week as required by law; and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 216(b).

5. Venue is proper in the Southern District of Georgia pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

6. At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s).

## PARTIES

7. Plaintiff was a dispatcher and performed related activities for Defendant in the City of St. Marys, Camden County, Georgia.

8. Defendant, HAPPY CAB, LLC, is a Georgia Corporation which operates, conducts business and has its headquarters in Camden County, Georgia, therefore venue is proper in the Southern District of Georgia, Brunswick Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

9. Defendant, STACEY R. DIXON, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, HAPPY CAB, LLC, and resides in the State of Georgia. This Court has personal jurisdiction over this Defendant because said Defendant is a resident of the State of Georgia.

## FACTUAL ALLEGATIONS

10. Defendant, at all material times relevant to this action (2014 – 2017)[1], was an employer as defined by 29 U.S.C. §203.

11. Defendant, STACEY R. DIXON, is the corporate officer, owner and acting manager of corporate Defendant, HAPPY CAB, LLC, with the power to: (a) hire and fire Plaintiff; (b) supervise and control Plaintiff's work schedule or

---

[1] All references to material times relevant to this action shall mean to encompass from 2014 through 2017.

3

conditions of employment; (c) determine Plaintiff's rate and method of payment; and (d) maintain employment records.

12. Defendants, each, controlled and/or were responsible for the work of Plaintiff.

13. Plaintiff was an employee of Defendants and was, at all times relevant to the violations of the FLSA, engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

14. At all material times relevant to this action, Defendant, HAPPY CAB, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

15. At all material times relevant to this action (2014-17), Defendants made gross earnings of at least $500,000 annually.

16. At all material times relevant to this action, the Defendants had two (2) or more employees engaged in commerce, producing goods for commerce, handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce, (i.e., CB radios, two-way radios, portable payment devices, as well as other new technologies).

17. At all material times relevant to this action, Plaintiff was individually engaged in commerce during her employment with Defendants by accepting

payments from customers based on credit cards issued by out-of-state banks, making and answering phone calls, and working with products from out-of-state.

18. At all material times relevant to this action, Defendants had two (2) or more employees routinely ordering materials or supplies from out-of-state vendors, and had transactions with out-of-state persons.

19. At all material times relevant to this action, the Defendants have been an enterprise involved in commerce by accepting payments from customers based on credit cards issued by out-of-state banks.

20. At all material times relevant to this action, Plaintiff was individually engaged in interstate commerce as she directed interstate travel of Defendants' customers through interstate highways and roads.

21. Defendants provide a mode of passenger transportation from portal to portal for patrons at a fee.

22. Defendants hired Plaintiff and others similarly situated to answer calls, via two-way radios or otherwise, and communicate with mobile units in order to provide rapid transportation response to customer requests within a designated coverage area.

23. Plaintiff and others similarly situated are required to arrive at Defendants' place of business and perform services, including, but not limited to,

assist drivers with directions to customers' pick-up locations and around streets and traffic.

24.     Plaintiff and the class worked well over forty (40) hours per week. Typically, Plaintiff worked above sixty (60) hours per week without being paid proper minimum wage and overtime compensation.

25.     Plaintiff worked as a dispatcher for the Defendants.

26.     Plaintiff worked in this capacity from approximately May 2016 through November 2016.

27.     Plaintiff was paid $88.00 per day in exchange for work performed.

28.     Defendants violated the terms and the FLSA's provision on minimum wages.

29.     Plaintiff routinely worked in excess of forty (40) hours per week as part of the regular job duties.

30.     Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff the proper minimum wage and overtime compensation at a rate of time and one-half her regular rate of pay for hours worked over forty (40) in a workweek.

## COLLECTIVE/CLASS ALLEGATIONS

31. Plaintiff and the class members performed the same or similar job duties as one another for Defendants in that they provided dispatch services for Defendants.

32. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were not compensated at time and one-half their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

33. Thus, the class members are owed overtime compensation for the same reasons as Plaintiff.

34. Defendants' failure to compensate employees for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that security officers were paid for all minimum wage and overtime hours worked based on the Defendants' failure to credit the dispatchers with all hours worked.

35. This policy or practice was applicable to Plaintiff and the class members.

36. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit, rather the same policies or

practices which resulted in the non-payment of minimum wages and overtime to Plaintiff also apply to all class members.

37. Accordingly, the class members are properly defined as:

> **All dispatchers whom worked for Defendants, HAPPY CAB, LLC**, and STACEY R. DIXON, **within the state of Georgia within the last three (3) years and whom were not paid the full minimum wage or proper overtime compensation for all hours worked in excess of forty (40) hours in a workweek pursuant to the FLSA for each hour worked.**

38. The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

39. The exact number of members of each class can be determined by reviewing Defendants' records. Plaintiff, under information and belief, is informed there are numerous of eligible individuals in the defined class.

40. Defendants failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

41. Defendants were aware of the requirements of the FLSA yet it acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

42. Plaintiff has hired the undersigned law firm to represent her in this matter and is obligated to pay them reasonable attorneys' fees and costs if they prevail.

43. The claims under the FLSA may be pursued by others who opt-in to this case pursuant to 29 U.S.C. § 216(b).

44. A collective action suit, such as the underlying, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

## COUNT I
## <u>VIOLATION OF THE FLSA AGAINST HAPPY CAB, LLC</u>
**(Minimum Wage)**

45. Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 – 44 as if fully incorporated herein.

46. At all relevant times, Defendant, HAPPY CAB, LLC, has been, and continues to be, an employer engaged in commerce and/or for the production of goods for commerce, within the meaning of the FLSA.

47. Defendant, HAPPY CAB, LLC's, failure to pay Plaintiff the full minimum wage is a violation of 29 U.S.C. § 206.

48. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

**WHEREFORE**, Plaintiff, GLENDA KNOX on behalf of herself and others similarly situated demands judgment against HAPPY CAB, LLC, and STACEY R. DIXON, individually, for the payment of all unpaid wages, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court determines to be just and appropriate.

## COUNT II
## <u>VIOLATION OF THE FLSA AGAINST STACEY R. DIXON</u>
**(Minimum Wage)**

49. Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 – 44 as if fully incorporated herein.

50. At all relevant times, Defendant, STACEY R. DIXON, is/was the acting manager for HAPPY CAB, LLC

51. At all relevant times, Defendant, STACEY R. DIXON, hired/fired employees for HAPPY CAB, LLC

52. At all relevant times, Defendant, STACEY R. DIXON, set the pay rates and policies for HAPPY CAB, LLC

53. At all relevant times, Defendant, STACEY R. DIXON, was in charge of the day to day operations of HAPPY CAB, LLC

54. Defendant, STACEY R. DIXON's, failure to pay Plaintiff the full minimum wage is a violation of 29 U.S.C. § 206.

55. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

**WHEREFORE**, Plaintiff, GLENDA KNOX on behalf of herself and others similarly situated demands judgment against HAPPY CAB, LLC, and STACEY R. DIXON, individually, for the payment of all unpaid wages, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court determines to be just and appropriate.

**COUNT III**
**RECOVERY OF OVERTIME COMPENSATION**
**AGAINST HAPPY CAB, LLC**

56. Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 – 44 as if fully incorporated herein.

57. Plaintiff, and other similarly situated employees, worked for Defendant, HAPPY CAB, LLC, at two locations and times from 2014 to 2017 as dispatchers throughout Georgia.

58. Throughout Plaintiff's employment, Defendant, HAPPY CAB, LLC, repeatedly and willfully violated 29 U.S.C. §§ 207, et seq. and 29 U.S.C. §§ 215, et seq. of the FLSA by failing to compensate Plaintiff, and other similarly situated

employees, at a rate not less than one and one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours.

59. Plaintiff, and other similarly situated employees, was/were entitled to be paid time and one-half the regular rate of pay for each hour worked in excess of forty (40) per work week.

60. During employment with Defendants, Plaintiff, and other similarly situated employees, regularly worked overtime hours but were not paid time and one-half compensation for same.

61. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff, and other similarly situated employees time and one-half the regular rate of pay for each hour worked in excess of forty (40) hour per work week in one or more work weeks, Plaintiff, and other similarly situated employees, have suffered damages plus incurred reasonable attorneys' fees and costs.

62. As a result of Defendants' willful violation of the FLSA, Plaintiff, and other similarly situated employees, are entitled to liquidated damages.

WHEREFORE, Plaintiff, GLENDA KNOX, on behalf of herself and others similarly situated, demands judgment against HAPPY CAB, LLC, and STACEY R. DIXON, individually, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by Plaintiff, and other similarly

situated employees, for which Defendant did not properly compensate Plaintiff and the class members, liquidated damages, reasonable attorneys' fees and costs incurred in this action, pre-and post-judgment interest as provided by law, and any and all further relief this Court determines to be just and appropriate.

## COUNT IV
## RECOVERY OF OVERTIME COMPENSATION
## AGAINST STACEY R. DIXON

63. Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 – 44 as if fully incorporated herein.

64. Defendant, STACEY R. DIXON, is the Owner and President of HAPPY CAB, LLC.

65. Defendant, STACEY R. DIXON, is an Owner who acted with direct control over the work, pay, and job duties of Plaintiff.

66. Defendant, STACEY R. DIXON, had the power to hire and fire Plaintiff.

67. Defendant, STACEY R. DIXON, supervised and controlled Plaintiff's work schedule, job duties and responsibilities, and/or conditions of employment.

68. Defendant, STACEY R. DIXON, determined Plaintiff's rate and method of payment.

69. Defendant, STACEY R. DIXON, maintained employment records.

70. As such, Defendant, STACEY R. DIXON, is charged with the responsibility for violations of Plaintiff's rights to overtime and resulting damages.

WHEREFORE, Plaintiff, GLENDA KNOX, on behalf of herself and others similarly situated, demands judgment against HAPPY CAB, LLC, and STACEY R. DIXON, individually, for the payment of all unpaid wages, overtime hours at time and one-half the regular rate of pay for the hours worked by Plaintiff for which Defendants did not properly compensate Plaintiff, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 6th day of March, 2017.

Respectfully submitted,

**/s/ C. RYAN MORGAN**
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email:RMorgan@forthepeople.com
*Attorneys for Plaintiff(s)*