# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

GLENDA KNOX, on behalf of
herself and those similarly
situated,

    Plaintiff,

vs.

HAPPY CAB, LLC and STACEY R.
DIXON,

    Defendants.

2:17-cv-29

## ORDER

This Matter comes before the Court on Plaintiff Glenda Knox's Motion for Default Judgment (Dkt. No. 9) against Defendants Happy Cab, LLC ("Happy Cab") and Stacey R. Dixon. Upon due consideration, this Motion is GRANTED, and a hearing is set for December 20, 2017 at 10:00am to determine the amount of damages.

## FACTUAL BACKGROUND

According to the allegations of the Complaint, Knox was employed by Happy Cab as a dispatcher in St. Marys, Georgia, in Camden County. Dkt. No. 1 ¶ 7. Dixon is a corporate officer of Happy Cab, exercising operational control over its activities.

Id. ¶ 9. As owner and acting manager of Happy Cab, Dixon has the power to hire and fire Knox, supervise and control her work schedule, determine her rate and method of payment, and maintain employment records. Id. ¶ 11. Defendants provide a mode of passenger transportation from portal to portal for patrons for a fee. Id. ¶ 21.

Defendants hired Plaintiff, and she provided rapid transportation response to customer requests within a designated coverage area. Id. ¶ 22. As part of her job, Plaintiff was required to arrive at Defendants' place of business to perform services, including assisting drivers with directions to customers' pick-up locations and navigating them through traffic. Id. ¶ 23. Plaintiff alleges that she typically worked over sixty hours per week and that she was not paid minimum wage or overtime. Id. ¶ 24. She worked as a dispatcher for Happy Cab from May 2016 through November 2016, earning $88.00 per day. Id. ¶¶ 26-27. Defendants never paid her at a rate of time and one-half her regular rate for hours worked in excess of forty in a workweek, she alleges. Id. ¶ 30. In a putative class action, Plaintiff brought claims for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA") against Happy Cab and Dixon under 29 U.S.C. §§ 206, 207.

Knox sued on March 6, 2017. Dkt. No. 1. She issued Summons to Happy Cab and Dixon on March 7 and 9, 2017,

AO 72A
(Rev. 8/82)

respectively. Dkt. Nos. 4, 5. The server verified that he served Dixon on behalf of Happy Cab on March 11, 2017, at 9:30 a.m. and that he served Dixon personally at the same date and time. Dkt. No. 6-1. Dixon is Happy Cab's registered agent for service. On May 31, 2017, Knox moved for an entry of default, which the clerk entered. Dkt. Nos. 7, 8. On July 12, 2017, Knox moved for a default judgment against Happy Cab and Dixon. Dkt. No. 9.

## **LEGAL STANDARD**

A court may enter a default judgment when a party fails to timely respond to a claim for affirmative relief. Fed. R. Civ. P. 55. Before entering a default judgment for damages, the Court "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (per curiam); see also Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1277-78 (11th Cir. 2005). A default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint . . . ." Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004). "'[T]he

3

court, in its discretion, may require some proof of facts that must be established in order to determine liability.'" Wooten v. McDonald Transit Ass., Inc., 788 F.3d 490, 496 (5th Cir. 2015) (quoting 10A Charles A. Wright et al., Federal Practice and Procedure § 2688 (3d ed. 1998)).

The allegations relating to damages suffered ordinarily are not accepted as true. Wehrs v. Wells, 688 F.3d 886, 892 (7th Cir. 2012). Rather, "[d]amages must be proved unless they are liquidated or capable of calculation." Id. (quoting Merrill Lynch Mortg. Corp. v. Narayan, 908 F.2d 246, 253 (7th Cir. 1990)). It is the Court's duty to "determine both the amount and character of damages." PNCEF, LLC v. Hendricks Bldg. Supply LLC, 740 F. Supp. 2d 1287, 1292 (S.D. Ala. 2010) (quoting Virgin Records Am., Inc. v. Lacey, 510 F. Supp. 2d 588, 593 n. 5 (S.D. Ala. 2007). Even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003).

## DISCUSSION

In considering a default judgment, the Court must examine (1) jurisdiction, (2) liability, and (3) damages. See Pitts, 321 F. Supp. 2d at 1356. The Court will take up each in turn.

## I. Jurisdiction

The Court cannot enter default judgment against Happy Cab and Dixon unless it has personal jurisdiction over them and subject matter jurisdiction over the case. Here, the Complaint alleges that Happy Cab is a Georgia corporation that has its headquarters in Camden County, Georgia. Dkt. No. 1 ¶ 8. Place of incorporation is a "'paradig[m]' bas[i]s for the exercise of general jurisdiction." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011). What is more, Happy Cab was served in Georgia through its registered agent for service of process, further establishing its personal jurisdiction in Georgia. Dkt. No. 6-1; see Burnham v. Superior Court of Cal., Cnty. of Marin, 495 U.S. 604 (1990) (holding valid and constitutional the exercise of personal jurisdiction over corporate defendant through service of process within the forum state). This Court has personal jurisdiction over Happy Cab.

The same is true for Dixon. She was personally served with process in Georgia and is subject to personal jurisdiction here, regardless of whether she resides here.[1] Personal jurisdiction is satisfied.

---

[1] The Complaint alleges that Dixon "resides in the State of Georgia." Dkt. No. 1 ¶ 9 and worked in St. Marys, Georgia. Id. ¶ 9. The Complaint does not make the missing allegation that Dixon is domiciled in St. Marys, but the Court need not decide where she is domiciled in light of her receipt of service.

So too, is subject matter jurisdiction. This Court has subject matter jurisdiction over the case because all claims arise under the FLSA, 29 U.S.C. § 216. 28 U.S.C. § 1331.

Finally, venue is proper in the Southern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in St. Marys, Camden County, which is located within the Southern District of Georgia. 28 U.S.C. § 1391(b)(2).

## II. Liability

In order for the Court to grant Plaintiff's Motion for Default Judgment, Plaintiff must have properly alleged claims for minimum wage and overtime compensation against Defendants Happy Cab and Dixon and the Court must be able to determine the proper measure of damages. Specifically, Defendants must be subject to the provisions of the FLSA, Plaintiff must be entitled to sue under the FLSA, and Plaintiff must show hourly compensation below the minimum wage and hourly payment below one and one-half times the regular rate for hours worked in excess of forty hours. 29 U.S.C. § 206(a)(C); § 207(a)(2)(C).

### A. Applicability of FLSA to Happy Cab and Dixon

First, Happy Cab and Dixon must be Plaintiff's employer (or former employer). An employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). That means

AO 72A
(Rev. 8/82)

Plaintiffs suing under the FLSA can recover against corporate officers responsible for compensation decisions or employment practices such as hiring and firing and setting employment schedules. See Chao v. Hotel Oasis, Inc., 493 F.3d 26, 34 (1st Cir. 2007) (holding corporation's president liable under FLSA where he was responsible for hiring and firing, requiring employees to attend meetings unpaid, and setting employees' wages and schedules). Such a person is jointly and severally liable with the corporation. Chao, 493 F.3d at 34.

Here, Plaintiff has alleged that Happy Cab employed her as a dispatcher in St. Marys, Georgia. Dkt. No. 1 ¶ 7. This meets the statutory definition. Knox also alleges that Dixon is the corporate officer and acting manager of Happy Cab, able to hire and fire Knox, supervise her work schedule, determine her pay rate, and maintain employment records. Id. ¶ 11. Thus, she too is an employer as defined in the FLSA.

Second, the overtime provisions apply to every employer who "employ[s] any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." Id. § 207(a)(1). Similarly, the minimum wage provision applies to every employee "who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in

7

commerce or in the production of goods for commerce." Id. § 206(a). "'Enterprise' means the related activities performed . . . by any person or persons for a common business purpose." Id. § 203(r)(1). And "'enterprise engaged in commerce or in the production of goods for commerce'" includes one "whose annual gross volume of sales is not less than $500,000" and one who "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." Id. § 203(a)(1)(A)(i)-(ii).

Here, Plaintiff has made sufficient allegations to satisfy these requirements. The Complaint alleges that Plaintiff was individually engaged in commerce by accepting payments from customers based on credit cards issued by out-of-state banks, making and answering phone calls, and working with products from out-of-state. Id. ¶ 17. It alleges that Defendants made gross earnings of at least $500,000 annually. Id. ¶ 15. This was further supported by Plaintiff's sworn affidavit where she adds that Defendants' company "is very profitable," operating two different locations and "prominently display[ing] charts of each location's yearly earnings." Dkt. No. 9-1 ¶ 11. Knox alleges that Defendants had at least two employees engaged in commerce by means of CB radios and portable payment devices and that she

herself was engaged in commerce by accepting payments from customers based on credit cards issued by out-of-state banks, making and answering phone calls, and working with products from out-of-state. Dkt. No. 1 ¶¶ 17-18. Lastly, Defendants had at least two employees routinely ordering materials or supplies from out-of-state vendors, transacting with out-of-state persons, and Plaintiff directed interstate travel of Defendants' customers through interstate highways and roads. Id. ¶¶ 18, 20.

In light of these allegations and supporting evidence, the Court is satisfied that FLSA applies to Defendants in their employment relationship with Plaintiff.

### B. Violations of the minimum wage and overtime provisions

The FLSA requires covered employers to pay each employee at a rate of at least $7.25 an hour. 29 U.S.C. § 206(a)(C). It further requires them to compensate each employee at a rate of one and one-half times the regular rate for hours worked in excess of forty hours in a given workweek. Id. § 207(a)(1). Here, the Court is satisfied that Defendants violated the minimum wage and overtime provisions of the FLSA by compensating Plaintiff at a rate of less than $7.25 and by failing to compensate Plaintiff at a rate of one and one-half times the regular rate for hours worked in excess of forty hours per week.

Plaintiff alleges that she was paid daily, rather than hourly, at a rate of $88 per day. Id. ¶ 27. Her affidavit

elaborates that she typically worked 14 hours per day. Dkt. No. 9-1 ¶ 7. That means she was compensated at an hourly rate of $6.29. This is less than the minimum wage requirement of $7.25. Knox also stated that she typically worked 98 hours per week, but that her compensation did not increase for the hours worked in excess of 40 hours. Dkt. No. 1 ¶¶ 29-30; Dkt. No. 9-1 ¶¶ 7, 9, 10. Therefore, Defendants failed to make proper minimum wage and overtime payments to Plaintiff.

III. **Damages**

Employers who violate the minimum wage and overtime provisions of the FLSA are liable to the affected employee in the amount of their unpaid minimum wages, their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. § 216(b).

Overtime payment means one and one-half times the employee's "regular rate" of payment. 29 U.S.C. § 207(a)(1). However, when an employee's compensation is less than the minimum wage permitted by the FLSA, the minimum wage constitutes the "regular rate" at which the employee is employed. Drake v. Hirsch, 40 F. Supp. 290, 295 (N.D. Ga. 1941); see also Perez v. ZL Restaurant Corp., 81 F. Supp. 3d 1062, 1072 (D.N.M. 2014) ("[T]he regular rate cannot be lower than the minimum wage."); Gomez v. Avendano, 2014 WL 12608619, *7 (S.D. Tex. 2014), amended on other grounds ("[S]ince the [p]laintiffs have alleged

AO 72A
(Rev. 8/82)

both that they are owed overtime wages and that their 'regular rate' of pay is below the minimum wage, overtime wages cannot be calculated with the rate of pay actually received by [the p]laintiffs.").

To calculate the proper measure of damages when no records are available, "imprecise evidence on quantum can provide a 'sufficient basis' for damages." Reeves v. Int'l Tel. & Tel. Corp., 616 F.2d 1342, 1351 (5th Cir. 1980). In this case, the Court can award damages to Plaintiff if they are not speculative but capable of calculation. As such, a hearing on damages is hereby set for December 20, 2017 at 10:00am. The Clerk of Court is directed to serve both Defendants with notice of the hearing.

## CONCLUSION

Plaintiff's Motion for Default Judgment is **GRANTED**, and the amount of damages will be determined at the December 20 hearing.

**SO ORDERED**, this 21st day of November, 2017.

HON. LISA GODBEY WOOD
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA