# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

```
GLENDA KNOX,

    Plaintiff,

vs.                                    CV 217-29

HAPPY CAB, LLC and STACEY R.
DIXON,

    Defendants.
```

## ORDER

This matter comes before the Court on Plaintiff Glenda Knox's Request for Damages. Plaintiff filed suit against Happy Cab, LLC ("Happy Cab") and Stacey R. Dixon, alleging violations of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"). After both Defendants' failure to appear, this Court entered a default judgment on November 21, 2017. Dkt. No. 10. A hearing to determine damages was held on December 20, 2017.

Even on a default judgment, "[d]amages must be proved unless they are liquidated or capable of calculation." Wehrs v. Wells, 688 F.3d 886, 892 (7th Cir. 2012). It is the Court's duty to "determine both the amount and character of damages." PNCEF, LLC v. Hendricks Bldg. Supply LLC, 740 F. Supp. 2d 1287,

1292 (S.D. Ala. 2010) (quoting Virgin Records Am., Inc. v. Lacey, 510 F. Supp. 2d 588, 593 n.5 (S.D. Ala. 2007)). "A court has an obligation to assure that there is a legitimate basis for any damage award it enters." Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003).

Employers who violate the minimum wage and overtime provisions of the FLSA are liable to the affected employee in the amount of their unpaid minimum wages, their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). Overtime payment means one and one-half times the employee's "regular rate" of payment. 29 U.S.C. § 207(a)(1). To calculate the proper measure of damages when no records are available, "imprecise evidence on quantum can provide a 'sufficient basis' for damages." Reeves v. Int'l Tel. & Tel. Corp., 616 F.2d 1342, 1351 (5th Cir. 1980).

At the hearing, Plaintiff Knox testified that she was employed by Defendants from May 13, 2016 through November 9, 2016. During that time, she worked seven days a week. While a normal shift was twelve hours, there were only about fourteen days where she worked just twelve hours. Often she worked fourteen or sixteen hours, and sometimes as many as twenty-four. She was required to work these long hours because Happy Cab only had two dispatchers. And even when she left the office, she often continued to receive calls to her cellular phone,

2

dispatching for Happy Cab at home. She testified that she was compensated at a rate of $88 per day, regardless of how many hours she worked in a day or how many days she worked in a week.

Plaintiff now seeks $12,944.88 in damages. This figure reflects $1,996.80 in minimum wage damages ($0.96 per hour for 40 hours a week for 26 weeks of employment, times two for liquidated damages) and $10,948.08 in overtime damages (half the minimum wage for 58 overtime hours for 26 weeks, times two for liquidated damages). She also seeks $550 in taxable costs, authorized to the prevailing party under 29 U.S.C. § 216(b). The Court awards damages accordingly, for a total of $13,494.88.

## CONCLUSION

Defendants Happy Cab and Dixon are liable to Plaintiff Knox under the FLSA for $13,494.88. The Clerk is **DIRECTED** to enter judgment accordingly and close the case.

**SO ORDERED**, this 21st day of December, 2017.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA